**Roberto LUNA, Petitioner–Appellant,**

v.

**Victor M. ALMAGER, Respondent–Appellee.**

No. 07–56245.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Dec. 1, 2008.

Vay I. Williams, Esquire, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Kenneth John Kao, Esquire, Deputy Attorney General, Theresa A. Patterson, Esquire, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

MEMORANDUM **

We review petitioner Roberto Luna's appeal from the denial of his petition for habeas corpus. The magistrate judge below gave this case careful and deliberate attention, and, like him, we are troubled that Luna's conviction and thirty-six-year sentence rest on testimony that has been recanted many times over. However, under clearly established Supreme Court law, the mere fact that the evidence upon which Luna was convicted—namely, the testimony of his then-wife that he raped her on two separate occasions—has been cast into serious doubt is not enough to grant the relief he requests. Rather, under *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), in order to prevail Luna must demonstrate both that the evidence used to convict him was false and that the prosecutor knew or should have known that this was the case.

We need not sift through the various recantations, recantations of recantations, or the competing testimony offered at the evidentiary hearing below in order to resolve this appeal. That evidence goes to the first *Agurs* prong—whether Luna's conviction rests on false evidence. It may well do so. But it is the failure to satisfy the second prong that compels affirmance under the law that binds us. As Luna's own habeas counsel stated below, "when all is said and done, this case boils down to

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

one question: 'Who is more credible, [the trial prosecutor] or [Mrs.] Luna?' " The magistrate judge found the prosecutor to be more credible, and we are in no position to displace that conclusion on this record. *See United States v. Jordan,* 256 F.3d 922, 932 (9th Cir.2001) ("[The Court of Appeals is] in no position to make a credibility assessment on a cold record."); *United States v. Steel,* 759 F.2d 706, 714 (9th Cir.1985) ("[T]he district court is in a far better position than are we to judge credibility. . . .").

The magistrate concluded that "there is no evidence that the deputy district attorney knew or should have known that [Mrs.] Luna was lying at trial." Given that Mrs. Luna changed her story repeatedly—first testifying that her husband raped her, then recanting her testimony, then recanting the recantation, then partially recanting *that* recantation, and ultimately pleading the Fifth Amendment and refusing to set the record straight—it is no surprise that the magistrate judge credited the prosecutor's testimony over hers. It is nevertheless disturbing that a man who may be innocent has been sentenced to prison, and for a term of thirty-six years. At this point, only a parole board or a governor has the authority to correct what may be a serious injustice. We have no alternative but to affirm the magistrate's holding that the petitioner has not established "that the prosecution's case include[d] perjured testimony and that the prosecution knew, or should have known, of the perjury." *Agurs,* 427 U.S. at 103, 96 S.Ct. 2392.

**AFFIRMED.**